IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UPMC PRESBY SHADYSIDE,
        Plaintiff,

    v.

MOTEL HOTEL ASSOCIATES, INC.,
        Defendant.

06cv1323
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

**November 30, 2006**

      Before the Court is a motion to remand this removed case to the Court of Common Pleas of Allegheny County, Pennsylvania by plaintiff UPMC Presby Shadyside, and a motion to dismiss by defendant Motel Hotel Associates, Inc. ("MHA"). After careful consideration of the motion to remand, MHA's response, and the memoranda of law in support and in opposition, the Court will grant the motion to remand, rendering moot the motion to dismiss.

      Initially, the Court notes that the "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S. 1085 (1991). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis,* 860, 864-65 (3d Cir. 1996), *quoting Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). *See also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Thus a removing defendant bears a heavy burden to persuade the court to which the state action was removed that it has jurisdiction under the removal statutes. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Batoff*, 977 F.2d at 851; *Snap-On Tools Corp.*, 913 F.2d at 111. MHA has not met its burden of persuading this Court that it has jurisdiction under the removal statutes.

In critical respects, this case is indistinguishable from *UPMC Presby Shadyside v. Whirley Industries, Inc.*, 2005 WL 2335337 (W.D.Pa. 2005). In *Whirley Industries*, United States District Judge Sean McLaughlin held that UPMC's breach of contract claim, which it filed originally in state court, was predicated on a contractual legal duty between it and Whirley Industries under a Memorandum of Understanding that was independent of Whirley Industries' ERISA Plan and obligations to participants in that Plan, and therefore the breach of contract action was not completely preempted by ERISA and should not have been removed. The Court explained:

> A civil action filed in state court is removable to federal court if the claim is one "arising under" federal law. 28 U.S.C. §§ 1331, 1441(a). *See Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (2004) . . . . Under the "well-pleaded complaint" rule, the plaintiff is generally entitled to remain in state court provided the complaint does not affirmatively allege a federal claim on its face. . . . To support removal, a right or immunity created by the Constitution or federal law must be an essential element of the plaintiff's cause of action. . . . .
>
> Because federal preemption is normally considered a defense to suit, it is not construed as appearing on the face of a well-pleaded complaint, and therefore does not generally authorize removal to federal court. *Metropolitan Life Ins. co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pascask Valley Hosp.*, 388 F.3d at 398. However, an exception supporting removal exists if the civil action "falls within the narrow class of cases to which the doctrine of 'complete preemption' applies." *Pascask Valley Hosp.*, at 399 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 2494, 159 L.Ed.2d 312 (2004); *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). This doctrine recognizes that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." . . . That is because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." . . .
>
> Section 502(a) of ERISA - the statute's civil enforcement provision - is one such provision "with such 'extraordinary pre-emptive power' that it

>'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."' *Pascask Valley Hosp.*, 388 F.3d at 399-400 (quoting *Davila*, 124 S.Ct. at 2495). . . . Thus, state law actions that are within the scope of § 502(a) are removable to federal court. *Pascack*, 388 F.3d at 399-400 (citations omitted).
>
>The question for this Court is whether Plaintiff has asserted claims falling within ERISA's civil enforcement provision such that the doctrine of complete preemption applies. In determining whether a plaintiff has artfully pled his suit so as to couch a federal claim in terms of state law, we are permitted to look beyond the face of the complaint. *Pascack*, 388 F.3d at 400 (citing *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 268, 274 (3d Cir.2001)). See also *AETNA Health, Inc. v. Davila*, 542 U.S. 200,-, 124 S.Ct. 2488, 2496 (2004) (to determine whether a cause of action falls within the scope of § 502(a)(1)(B), courts must examine the complaint, the statute on which the state law claims are based, and the various plan documents).

2005 WL 2335337, at *2-*3 (certain citations omitted).

In. *Whirley Industries, Inc.*, plaintiff's claim was "comprised of two elements: allegedly improper discounts taken on the basis of prompt payment and allegedly improper discounts taken on the basis of charges in excess of what are reasonable and customary." 2005 WL 2335337, at *6. The first element is self-explanatory; the second element of UPMC's claim was

>premised on the allegation that Defendants took improper discounts for amounts that Defendants perceived to be in excess of "reasonable and customary" charges. UPMC contends that Defendants breached the Memorandum of Understanding when they hired a third party to conduct an audit of UPMC's charges and deducted from payment those amounts they considered to be excessive. Under the terms of the MOU, which apply to Vantage's "self-funded employer groups," the PPO (i.e.Vantage) is required to comply with UPMC's "Chart Audit Policies," which are referenced as exhibits to the MOU. Those policies strictly limit the conditions under which UPMC will submit to, or recognize, audits of its records. Because the audit conducted by Defendants failed to comply with UPMC's Chart Audit Policies, it is UPMC's view that the resulting deductions constitute a breach of the MOU.

2005 WL 2335337 at *7.

Plaintiff's claim in this case is also based on two elements: allegedly improper discounts

taken on the basis of prompt payment and, second, on MHA's breach of the Memorandum of Understanding when it challenged the remaining unpaid fees as possibly exceeding what are reasonable and customary, without utilizing the Provider's Chart Audit Policy. MHA does not dispute that the first part of UPMC's claim in this case is predicated on allegedly improper discounts taken on the basis of prompt payment, but argues that *Pascack Valley* and *Whirely Industries* were "purely discount" cases wherein coverage and eligibility in the first instance was not at issue.

In contrast, MHA argues that it is also challenging *whether* it is obligated to reimburse UPMC at all for medical care provided one of its participants, so interpretation of the ERISA Plan dominates this litigation.  However, MHA does not dispute the fact that it has *already paid* the substantial sum of $224,000 of the near $1.2 million bill for medical services provided, which demonstrates that this is, in fact, a dispute over "how much," not over "whether" there is coverage or eligibility in the first instance.

This Court is persuaded by the thorough and well-reasoned opinion of my colleague in *Whirely Industries*, and will adopt its reasoning and holding.  Because UPMC's breach of contract claim is not preempted by ERISA, it should not have been removed from state court. Accordingly, the Court will grant the motion to remand by separate order.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record

David I. Ainsman, Esquire
Joseph F. Rodkey, Jr, Esquire